UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CLARENCE KEITH LAMONDA, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 18-26-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Clarence Keith Lamonda is an inmate confined at the Federal Medical Center ("FMC")-Lexington, located in Lexington, Kentucky. Proceeding without an attorney, Lamonda has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1].

In his Petition, Lamonda seeks injunctive relief directing FMC-Lexington and the University of Kentucky, A.B. Chandler Hospital ("U.K. Medical Center") to release his medical records, treatment plan and to begin medical treatment for his medical condition. [R. 1 at p. 2]. He also alleges violations of his rights to due process of law under the Fifth and Fourteenth Amendments and his Eighth Amendment right to be free from cruel and unusual punishment. [R. 1 at p. 2, 6-7]. He has filed an identical "habeas" action against the U.K. Medical Center. *See Lamonda v. University of Kentucky, A.B. Chandler Hospital*, No. 5:18-cv-25-DCR (E.D. Ky. 2018). In both actions, he alleges that

the U.K. Medical Center and FMC-Lexington are acting "in a conspiracy" to deprive Lamonda of the right to necessary medical care, access to his medical records and his treatment plan. [R. 1 at p. 7].

Lamonda may not pursue his claims in this proceeding. Despite Lamonda's statement that he is challenging the "execution of his current sentence" [R. 1 at p. 2], it is clear that his "petition" actually alleges civil rights claims. Thus, Lamonda is essentially challenging a condition of his confinement at FMC-Lexington. However, a federal prisoner may not use § 2241 to pursue a civil rights claim; he can only assert such claims by filing suit under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Muhammed v. Close*, 540 U.S. 749, 750 (2004)("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). *See also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Because the actions about which Lamonda complains have no effect on the duration of his sentence, his claims must be pursued as civil rights claims under *Bivens*. Therefore, the Court will deny the petition without prejudice to Lamonda's right to assert his claims in a civil rights proceeding. *Martin*, 391 F.3d at 714.

Accordingly, it is hereby **ORDERED** as follows:

1. Lamonda's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This matter is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the active docket of the Court.

This the 24th day of January, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge